Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| *In re:*<br><br>RENGLÓN NÚM. 4<br>ASFFALTO REGADO y COMPACTADO<br><br><br>ASPHALT SOLUTIONS HATILLO, LLC<br>Recurrente<br><br><br>TRANSPORTE RODRÍGUEZ ASFALTO, INC.<br>A&M SOLUTIONS, LLC.<br>Licitadores | TA2026RA00310 | *Revisión Judicial* procedente de la Junta de Subastas del Municipio de Moca<br><br>Subasta Núm. 2 Serie 2025-2026<br><br>Sobre: Adjudicación |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece Asphalt Solutions Hatillo, LLC (Asphalt Solutions o recurrente) mediante recurso de *revisión judicial,* solicitando que dejemos sin efecto la *Resolución* de Adjudicación del Renglón Núm. 4 sobre Asfalto, Regado y Compactado de la Subasta Número 2, Serie 2025-2026, emitida por la Junta de Subastas del Municipio de Moca (el Municipio), el 29 de mayo de 2026. Aduce que debemos seguir tal curso de acción por cuanto: 1) la notificación de la adjudicación fue defectuosa; 2) fue el licitador responsivo que presentó la oferta más económica.

Tiene razón el recurrente al señalar defectos en la notificación de la subasta, por lo que ordenamos su corrección.

**I. Resumen del tracto procesal**

El 13 de abril de 2026, se anunció en el periódico Primera Hora la Subasta Número 2, Serie 2025-2026, según promovida por el Municipio, para la cual se solicitaron propuestas en diecinueve renglones.

La subasta anunciada fue celebrada el 30 de abril de 2026, a la cual comparecieron once licitadores, entre ellos Asphalt Solutions. No obstante, las compañías que licitaron y entregaron propuestas para servicios de *asfalto regado y compactado* fueron tres; Transporte Rodríguez Asfalto, Inc., Asphalt Solutions Hatillo, LLC y A&M Solutions, LLC.

Luego de la Junta de Subastas reunirse para estudiar las respectivas propuestas, el 29 de mayo de 2026, emitió y notificó a los licitadores nombrados la *Resolución* de Adjudicación del Renglón Núm. 4 sobre Asfalto, Regado y Compactado[1], eligiendo a Transporte Rodríguez Asfalto, Inc. como el licitador agraciado. Según el contenido de dicha *Resolución*, se inició por integrar una tabla con las propuestas de cada uno de los licitadores mencionados, incluyendo el desglose de los productos licitados junto a los precios y la municipalidad donde ubican las respectivas plantas de asfalto; entonces, en la sección correspondiente a las *Determinaciones de hechos*, en lo pertinente, se afirmó que las tres compañías habían cumplido con todos los requisitos mandatorios, pero se determinó que el licitador agraciado había presentado "los precios más competitivos" y dicha planta de asfalto se "encuentra más cerca del municipio".[2] Entonces, en la sección titulada *Adjudicación* se afirmó que la determinación de adjudicar la buena pro a Transporte Rodríguez Asfalto, Inc. respondió a "que los precios son razonables y esta compañía cumple con las especificaciones del aviso de subasta y la experiencia ha sido satisfactoria".[3]

En desacuerdo, el 9 de junio de 2026, Asphalt Solutions, como licitador no agraciado, acudió ante nosotros, mediante recurso de *revisión judicial*, señalando la comisión de los siguientes errores:

> **PRIMER ERROR:** Erró la Junta de Subastas al emitir una Resolución de Adjudicación claramente defectuosa y, por consiguiente, nula.

---

[1] Entrada Núm. 1, Apéndice 2 de SUMAC-TA.
[2] *Íd.*, pág. 2.
[3] *Íd.*, pág. 3.

**SEGUNDO ERROR:** Erró la Junta de Subastas al no adjudicar la subasta a Asphalt Solutions Hatillo, LLC, quien ofreció los precios más competitivos.

En la misma fecha en que instó el recurso de revisión judicial, Asphalt Solutions también nos presentó una *Urgente Moción de Auxilio de Jurisdicción*, solicitando la paralización de los procedimientos relacionados a la ejecución de la adjudicación de la subasta y cualquier gestión de contratación para la adquisición de servicios objeto de esta hasta que resolvamos los asuntos planteados.[4]

En respuesta a la referida *Moción*, ese mismo día, emitimos una *Resolución*, acogiendo la solicitud de paralización en los términos propuestos y concediéndole un término de cinco (5) días a las demás partes de epígrafe para oponerse al recurso de revisión judicial presentado.

Pasado el término concedido para la comparecencia de las demás partes, ninguna presentó escrito ante nosotros, de modo que corresponde resolver sin trámite ulterior.

## II. Exposición de Derecho

a.

El procedimiento de subastas gubernamentales está revestido del más alto interés público. *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 343-344 (2016); *Maranello et al. v. O.A.T.*, 186 DPR 780, 789 (2012). Como la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, "la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico." *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007). A su vez, "las subastas gubernamentales buscan proteger los intereses del pueblo, procurando conseguir los precios más bajos posibles; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia;

---

[4] *Urgente Moción de Auxilio de Jurisdicción*, Entrada Núm. 3 de SUMAC-TA, pág. 9.

el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Aluma Const. v. AAA,* 182 DPR 776, 783 (2011); *Accumail P.R. v. Junta Sub. AAA,* 170 DPR 831, 827 (2007).

En el caso de los municipios, tanto las subastas tradicionales como el requerimiento de propuestas que adjudique una Junta de Subastas municipal están reguladas por la Ley Núm. 107-2020, conocida como el Código Municipal de Puerto Rico, y el Reglamento para la Administración Municipal de 2016 (Reglamento Núm. 8873). Respecto a las revisiones de dichas adjudicaciones, el Tribunal Supremo de Puerto Rico ha reconocido que **el debido proceso de ley requiere que toda notificación de adjudicación de una subasta municipal sea adecuada**. (Énfasis provisto). Véase, entre otros, *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525 (2019); *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 720 (2016).

Específicamente, respecto al contenido de la notificación de la adjudicación de una subasta, tanto la normativa aplicable como las opiniones emitidas por nuestro Tribunal Supremo han sido enfáticas en lo que debe incluir para que satisfaga las exigencias mínimas del debido proceso de ley y facilite la revisión judicial. A esos efectos, nuestro más alto foro judicial ha reiterado que una notificación sobre adjudicación de subasta, aunque sea de forma sumaria y sucinta, debe incluir: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) **los factores o criterios que se tomaron en cuenta para adjudicar la subasta**; (3) **los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos**; y, (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. (Énfasis provisto). *LPC & D, Inc. v. AC,* 149 DPR 869, 879 (1999). Tal normativa fue extendida de manera jurisprudencial a las subastas celebradas por los municipios. *Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733 (2001).

Cónsono con lo anterior, el *Código Municipal de Puerto Rico* dispone en su Artículo 2.040(a) los criterios de adjudicación:

a. Criterios de adjudicación — Cuando se trate de compras, construcción o suministros de servicios, **la Junta adjudicará a favor del postor razonable más bajo**. [...] *La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato,* la responsabilidad económica del licitador, su reputación e integridad comercial, *la calidad del equipo, producto o servicio* y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

*La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo … si con ello se beneficia el interés público.* En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación. [...].
*Íd.*

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndoles del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones. (Énfasis provisto).
21 LPRA sec. 7216.

En armonía, el Reglamento Núm. 8873 en su Capítulo VIII, Parte II, Sección 13, Inciso (3), también establece cuál debe ser el contenido de una notificación de una subasta municipal, a saber:

*La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:*

*(a) nombre de los licitadores;*

*(b) síntesis de las propuestas sometidas;*

*(c) **factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos**;*

*(d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de la adjudicación;*

*(e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.* (Énfasis provisto).

De igual forma, el Reglamento de Subastas y Solicitud de Propuestas del Municipio de Moca[5] establece en su Artículo 58, inciso 58.4, que la

---

[5] *Ordenanza Núm. 13, Serie 2021-2022*, Entrada Núm. 4 de SUMAC-TPI.

notificación de adjudicación o la determinación final de la Junta debe contener la siguiente información:

  a. Los nombres de los licitadores o proponentes que participaron en la subasta o solicitud de propuestas;

  b. Una síntesis de las ofertas, proposiciones o propuestas sometidas por los licitadores o proponentes;

  c. Los factores o criterios que se tomaron en cuenta para adjudicar la subasta o solicitud de propuestas;

  d. **Los defectos, si alguno, que tuvieran las ofertas o propuestas de los licitadores o proponentes perdidosos**;

  e. Derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, dentro del término jurisdiccional de diez (10) días contados a partir de la fecha del depósito en el correo de la copia de la notificación del acuerdo final o adjudicación de la Junta de Subastas. (Énfasis provisto).

La notificación adecuada de las decisiones administrativas o municipales es parte del principio constitucional de que todo ciudadano ostenta un derecho a un debido proceso de ley. *Colón Torres v. A.A.A.*, 143 DPR 119, 124 (1997). La notificación sirve un propósito lógico y sabio en la administración de la justicia al proteger el derecho de la parte afectada a procurar la revisión judicial de un dictamen adverso. *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 329 (2006); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 889 (1993). La notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada y otorga a las personas cuyos derechos pudieran quedar afectados la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Municipio de San Juan*, 140 DPR 24, 34 (1996).

Sobre lo mismo, el Tribunal Supremo de Puerto Rico se ha pronunciado claramente sobre los efectos nocivos de una notificación defectuosa. En cuanto a ello, ha precisado que **una notificación defectuosa puede tener el efecto irremediable de afectar el derecho de una parte a cuestionar la adjudicación de subasta, también el de privar de jurisdicción al foro revisor para entender el asunto impugnado**. *PR Eco Park et al. v. Mun. de Yauco*, supra; *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000). **Si la notificación en cuestión adolece**

**de los requisitos establecidos por la legislación y reglamentación correspondiente, procede devolver el asunto para que se emita una notificación que cumpla con ello.** (Énfasis provisto). *Pta. Arenas Concrete, Inc. v. J. Subastas,* supra, pág. 744*; LPC & D, Inc. v. AC*, supra, pág. 880. Por ello, "[s]olo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial". *IM Winner, Inc. v. Mun. de Guayanilla*, supra.

### III.  Aplicación del Derecho a los hechos

De la legislación y jurisprudencia citadas, debe quedar claro que la notificación de adjudicación de una subasta necesariamente exige el cumplimiento con una serie de requisitos, cuya omisión nos priva de cumplir nuestra función revisora y obliga a devolver el asunto para su corrección. Es decir, la verificación del cumplimiento de los requisitos que debe contener una notificación de adjudicación de subasta resulta de umbral para colocarnos en posición de considerar los méritos de la decisión administrativa que se cuestiona. En el caso ante nuestra atención, corresponde verificar la *Resolución* de Adjudicación del Renglón Núm. 4 sobre Asfalto, Regado y Compactado de la Subasta Número 2, Serie 2025-2026, emitida por la Junta de Subastas del Municipio de Moca el 29 de mayo de 2026.

Según adelantamos en la introducción, al hacer tal ejercicio, observamos que en la referida *Resolución* no fue explicado, aunque fuere de manera sucinta, las razones por las cuales no se les adjudicó la subasta a los licitadores no agraciados. Al dar lectura a la *Determinación de hechos* contenida en la *Resolución,* luego de que se indicara que los tres licitadores cumplieron con todos los requisitos mandatorios, se indica que la compañía agraciada presentó *los precios más competitivos* y la ubicación de la planta de asfalto se encuentra más cerca. Más adelante, bajo *Adjudicación,* en la notificación se afirmó que la elección del licitador agraciado respondió a que *los precios son razonables* y esta compañía *cumple con las especificaciones*

*del aviso de subasta y la experiencia ha sido satisfactoria.* La alusión a los *precios competitivos* y *precios razonables* no es certera, en tanto que el Código Municipal lo que identifica como elemento para adjudicar la buena pro es *a favor del postor razonable más bajo,* no *el más competitivo.* Art. 2.040(a), *supra.*

Claro, el mismo artículo del Código Municipal citado también admite que la Junta de Subastas adjudique la buena pro a un postor *que no sea necesariamente el más bajo... si con ello se beneficia el interés público.* Art. 2.040(a), *supra.* Sin embargo, de obrar así, la Junta necesariamente tiene que hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación. *Íd.* No observamos el cumplimiento de tal requerimiento, al menos no de manera clara.

Afirmamos lo anterior porque, aunque en la notificación de subasta bajo examen sí se mencionó que la distancia de la ubicación de la planta de asfalto donde el Municipio habrá de hacer el recogido de los materiales fue un factor considerado al adjudicar la buena pro, no explicó cómo se beneficiaría el interés público en consideración a tal dato. En el mejor de los casos, con los datos provistos, podría *intimarse* tal interés público, pero ello no es suficiente para cumplir con el propósito de una notificación de adjudicación de subasta que *facilite la revisión judicial* y cumpla con las exigencias mínimas del debido proceso de ley, menos aún cuando ninguna expresión al respecto se hizo en la sección de *Adjudicación* de la subasta. ¿Fue este el elemento por el cual no se les concedió la buena pro a los demás licitadores? De serlo, ¿por qué se serviría mejor al interés público con ello?

En definitiva, juzgamos que la notificación de la subasta en este caso fue inadecuada, y ello nos priva de revisar la decisión administrativa. Por tanto, hasta que se notifique adecuadamente la decisión final administrativa, el recurso de revisión judicial ante nuestra consideración lo reputamos como prematuro, careciendo de jurisdicción para atenderlo. *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 538. Como se sabe, si una parte

no es notificada de la determinación administrativa o municipal conforme a derecho, no se le pueden oponer los términos jurisdiccionales para recurrir de la misma. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1015 (2008).

**IV. Parte dispositiva**

Por los fundamentos expuestos, devolvemos el asunto a la Junta de Subastas del Municipio recurrido para que emita una notificación adecuada, según aquí ilustrado. Una vez la notificación sea emitida, las partes adversamente afectadas podrán, de entenderlo pertinente, presentar la reclamación que juzguen necesaria.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones